UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON KLEMAS,

        Petitioner,

v.   Case No. 08-11368
     HONORABLE STEPHEN J. MURPHY, III

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER DENYING**
**PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jason Klemas, presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In his *pro se* application, Petitioner challenges his sentences for (1) assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, (2) possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.224f, and (3) felony-firearm, MICH. COMP. LAWS § 750.227b. For the reasons set forth below, the petition for writ of habeas corpus is **DENIED**.

I. Background

On September 8, 2006, Petitioner pleaded guilty to the above-stated charges in the Oakland County, Michigan, Circuit Court, the Honorable Steven N. Andrews, presiding. There was no *Cobbs*[1] or sentence agreement in place at the time of the pleas. Petitioner acknowledged that he had previously been convicted of carjacking–he

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).

was discharged from parole on that offense in 2005. The transcript from the plea hearing demonstrated that Petitioner's pleas were understanding, voluntary, and accurate. (Plea Hr'g Tr. pp. 1-18, Sept. 8, 2006).

Petitioner provided a factual basis for his pleas and testified as follows. Petitioner stated that he went into a liquor store with the intent to rob it. He said that at the time that he entered the store he was carrying a handgun. He said that he pulled out the gun and showed it to the store clerk, with the intent to scare the clerk. Petitioner admitted that he was a convicted felon and that he was ineligible to possess a handgun; he acknowledged that he was previously convicted of carjacking.

Sentencing in this case occurred on October 4, 2006. At the sentencing hearing, defense counsel informed the trial court that one of the motivations for why Petitioner entered the pleas was that he was going to cooperate with the Southfield Police Department, as well as the prosecutor's office, in aiding in the capture of other individuals involved in the offense. However, once at the police station, there was a misunderstanding as to whether Petitioner was going to receive leniency during sentencing. When Petitioner was informed that there was no guarantee of leniency, he chose not to cooperate. Furthermore, when Judge Andrews informed him during sentencing that he would not give him leniency if he cooperated, Petitioner asked to withdraw his plea. The trial court denied his motion. Subsequently, the trial court sentenced Petitioner as a habitual offender–second to (1) fifteen to fifty years imprisonment for the assault-with-intent-to-rob-while-armed conviction, (2) five to seven and one half years imprisonment for the possession-of-a-firearm-during-the-commission-of-a-felony conviction, and (3) the mandatory two years imprisonment for

the felony-firearm conviction.

Petitioner then filed a delayed application for leave to appeal from his plea convictions in the Michigan Court of Appeals, raising the following claim:

> I. [Petitioner's] sentence was unconstitutionally enhanced on the basis of offense variable points premised on facts which were not decided by the jury.

On October 24, 2007, the Michigan Court of Appeals denied Petitioner's application. *People v. Klemas*, No. 280561 (Mich.App.Ct. Oct. 24, 2007).

Following, Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, raising the same claim as raised in the state court of appeals. On January 8, 2008, the Michigan Supreme Court denied Petitioner's application. *People v. Klemas*, 480 Mich. 1013, 743 N.W.2d 38 (2008).

Petitioner neither filed a petition for a writ of certiorari in the United States Supreme Court, nor a motion for relief from judgment pursuant to M.C.R. 6.500 in the state trial court.

Petitioner now seeks the issuance of a writ of habeas corpus, raising the same claim as raised in both state appellate courts.

II. Standard of Review

Habeas petitions filed after April 24, 1996 are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Petitioner filed his petition on March 31, 2008, and, therefore, the AEDPA applies to Petitioner's case. The AEDPA states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a

> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state-court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189,

195 (6th Cir. 2004).

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence."  *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state-court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002).  Although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Dickens v. Jones*, 203 F.Supp. 354, 359 (E.D. Mich. 2002).

With that standard in mind, the Court proceeds to the merits of the petition for writ of habeas corpus.

III.  Discussion

In his habeas petition, Petitioner contends that the trial court incorrectly scored several of the offense variables of the Michigan Sentencing Guidelines by using facts which had not been proven beyond a reasonable doubt before a jury, thus violating his due process rights.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D.Mich. 1999). Additionally, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F.Supp.2d 741, 745 (E.D.Mich. 2001). Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have repeatedly held that errors in the application of state law are not to be questioned on habeas review.

Therefore, Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D.Mich. 2006); *Robinson v. Stegall*, 157 F.Supp2d 802, 823 (E.D.Mich. 2001); *Cook*, 56 F.Supp.2d at 797 (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)). "[A] petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 752 (E.D.Mich. 2005); *See also Lovely v.*

*Jackson*, 337 F.Supp.2d 969, 977 (E.D.Mich. 2004). Petitioner's claim that Offense Variables 9, 14, and 19 were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Shanks*, 387 F.Supp2d at 752; *Cook*, 56 F.Supp.2d at 797.

In short, Petitioner has no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations. *Doyle v. Scutt*, 347 F.Supp.2d 474, 485 (E.D.Mich. 2004). Therefore, any error in calculating his guideline score or in departing above his sentencing guidelines range alone does not merit habeas relief. *Id.*

Petitioner also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner. The United States Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California*, 549 U.S. 270, 281 (2007) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring v. Arizona*, 536 U.S. 584 (2002); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005)). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham*, 549 U.S. at 274-75.

In support of his claim, Petitioner relies on *Blakely*, *supra*, where the United

States Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi*, 530 U.S. at 490).

The problem with Petitioner's reliance on *Blakely* is that *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, however, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006); *cert. denied sub nom*, *Drohan v. Michigan*, ___ U.S. ___, 127 S.Ct. 592, 166 L.Ed.2d 440 (2006); *People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004) (both citing MICH. COMP. LAWS § 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan*, 475 Mich. at 161, 715 N.W.2d 778.

Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003) (citing MICH. COMP. LAWS § 769.34(2)). The trial judge sets the minimum sentence but can never exceed the maximum. *Claypool*, 470 Mich. at 730, n. 14, 684 N.W.2d 278. Michigan's indeterminate sentencing scheme is therefore unaffected by the United States Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164, 715 N.W.2d 778. "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to

have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in *Blakely*." *Drohan*, 475 Mich. at 163-64, 715 N.W.2d at 791.[2]

Against that backdrop, the Court finds that the decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. *See Jones v. Trombley*, 2007 WL 405835 (E.D.Mich. Jan. 31, 2007); *Mays v. Trombley*, 2006 WL 3104656, (E.D.Mich. Oct. 31, 2006); *Worley v. Palmer*, 2006 WL 2347615, (E.D.Mich. Aug. 11, 2006); *Toothman v. Davis*, 2006 WL 2190515, (E.D.Mich. Aug. 1, 2006).

IV. Conclusion

For the above-stated reasons, the Court finds that Petitioner's alleged error of state law in this case is not a basis for habeas corpus relief, and the state courts' rejection of Petitioner's claim did not result in a decision that was contrary to *Blakely*.

---

[2]Last year, the Michigan Supreme Court reaffirmed its holding in *Drohan* that Michigan's indeterminate sentencing scheme is valid under *Blakely*. *See People v. Harper*, 479 Mich. 599, 615, 739 N.W.2d 523, 533 (2007), *cert. denied sub nom*, *Harper v. Michigan*, ___ U.S. ___, 128 S.Ct.1444 (2008). *See also People v. McCuller*, 479 Mich. 672, 686, 739 N.W.2d 563, 571 (2007) (stating that the United States Supreme Court's decision in *Cunningham* does not require the Michigan Supreme Court to modify its decision in *Drohan* and that a sentencing court does not violate *Blakely* by engaging in judicial fact-finding to calculate the recommended minimum sentence range). A petition for writ of certiorari was filed in *McCuller* and denied on April 14, 2008. *McCuller v. Michigan*, ___ U.S. ___, 128 S.Ct. 1871, 170 L.Ed.2d 75 (2008).

Accordingly, the application for a writ of habeas corpus is **DENIED**.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002); *Dell v. Straub*, 194 F.Supp.2d 629, 658 (E.D.Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court is also satisfied that reasonable jurists could not find the Court's ruling debatable. *Slack*, 529 U.S. at 484. No certificate of appealability is warranted. However, Petitioner may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this Court. Fed. R.App. P. 24(a)(3).

Accordingly, the Court **DENIES WITH PREJUDICE** Petitioner's petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **GRANTED**.

**IT IS SO ORDERED.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager